CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RHO
MAR 0 3 2009
JOHN F. CORCORAN, CLERK
BY: H McDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ROBERT J. HAWKINS,<br>    Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:09-cv-00048 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| NORTHWESTERN REGIONAL<br>    ADULT DETENTION CENTER,<br>    Defendant. | ) <br> ) <br> ) <br> ) | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Robert J. Hawkins, a Virginia inmate proceeding pro se, filed a civil rights action, pursuant to 42 U.S.C. § 1983. Hawkins alleges that a jail official violated his constitutional right to privacy of personal matters by disclosing the balance in his inmate trust account. After initially screening the complaint pursuant to 28 U.S.C. § 1915A, I dismiss Hawkins' complaint for failing to state a claim upon which relief can be granted.

I.

Hawkins alleges the following facts. A former friend with a felony record called Hawkins and told him the exact amount of money that he had in his inmate trust account at the Northwestern Regional Adult Detention Center ("NADC"). The former friend told Hawkins that someone at the NADC was telling her Hawkins' account balance. Hawkins seeks reassurance that no other inmate will have personal information compromised and unspecified monetary damages to compensate him for the instant anguish and the possibility of it happening again.

II.

I am required to dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c)(1). The first standard includes claims

based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief," and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964, 1965 (2007) (internal quotation marks omitted). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Although I liberally construe pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Hawkins cannot seek relief against the NADC because this jail is not a "person" who can be sued under § 1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 892 (E.D. Va. 1992). Furthermore, Hawkins seeks damages for the anguish resulting from the alleged disclosure of his inmate trust account and for possible future disclosures. However, the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), prohibits inmates from recovering damages in civil rights actions for any mental or emotional injury without a prior showing of physical injury. Hawkins does not indicate that he suffered any physical injury. Accordingly, his action for damages is barred.

2

Case 7:09-cv-00048-JLK-mfu   Document 4   Filed 03/03/09   Page 2 of 4   Pageid#: 22

Hawkins also wants assurance that no other inmate will have personal information disclosed in the future. To have standing to prosecute a civil rights violation, a plaintiff must present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the defendant's challenged behavior; and likely to be redressed by a favorable ruling. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Hawkins does not have standing to bring an action on behalf of other inmates who have yet to suffer a hypothetical injury.

Alternatively, Hawkins does not have a constitutional privacy interest in the trust account even if an unknown jail official disclosed the information. See J.P. v. Desanti, 653 F.2d 1080, 1091 (6th Cir. 1981) (holding that not all privacy rights or interests in the non-disclosure of private information implicate constitutional rights). Even if he had that constitutional right, inmates retain only "those [constitutional] rights that are not inconsistent with [their] status as . . . prisoners or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). A jail's security concerns are paramount to the effective and safe administration of inmate custody. A jail can regulate an inmate's access to cash to prevent assaults, thefts, and trade of contraband. An inmate trust account is necessary to ensure inmate safety and also to facilitate rewards for good behavior, like productive employment. The inmate trust account also serves the public's interests to facilitate the payment of a inmate's financial obligations like restitution, child support, and court costs. Therefore, the jail has a legitimate penological objective to maintain and disclose the balances of inmate trust accounts, and the inmate does not have a greater privacy interest in his inmate trust account relative to the jail and society. See Whalen v. Roe, 429 U.S. 589, 599 (1977) (public interests outweighed individuals' privacy interests in medical records); Nixon v. Adm'r of Gen. Servs., 433 U.S. 425, 457 (1977)

(public interest outweighed President's privacy interests in personal records); <u>United States v. Miller</u>, 425 U.S. 435, 437-44 (1976) (holding no Fourth Amendment right to privacy in bank records for a criminal investigation). Accordingly, Hawkins fails to state a claim upon which relief can be granted.

### III.

For the foregoing reasons, I dismiss Hawkins' complaint for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 3rd day of March, 2009.

/s/ Jackson L. Kiser
Senior United States District Judge